# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM R. AUSTIN and | § | |
| SUNDANCE PIPELINE, INC., an | § | |
| Oklahoma Corporation, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CASE NO. 6:05-CV-247 |
| | § | |
| LANE MCNAMARA, Individually, | § | |
| G.B. GREINER, JR, Individually, | § | |
| DAVID TULLOS, Individually, | § | |
| LOUISIANA MINING & MINERALS, | § | |
| INC., a Louisiana Corporation, | § | |
| UNION ENERGY, INC., a Texas | § | |
| Corporation, | § | |
| SOUTHLAND OIL & GAS | § | |
| CORPORATION, a Texas Corporation, | § | |
| SOUTHLAND RESOURCE GROUP, | § | |
| INC., Texas Corporations, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DEFENDANTS LANE MCNAMARA AND LOUISIANA MINING & MINERALS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendants Lane McNamara ("McNamara") and

Louisiana Mining & Minerals, Inc.'s ("LM&M") Motion for Summary Judgment (Doc. No.

22). At a scheduling conference held on October 16, 2006, the Court allowed Plaintiffs to

limit their initial response to Defendants' motion to those issues arising out of Plaintiff

William R. Austin's ("Austin") prior bankruptcy proceeding. Having considered the

arguments of counsel and the applicable law, the Court finds that the Defendants' motion should be granted.

## BACKGROUND

On February 9th, 2000, Plaintiff Sundance Pipeline Inc. ("Sundance"), the lender, entered into a Promissory Note with Defendants McNamara and LM&M, the borrowers, for the principal sum of $3,211,194.54.   The debt identified in the promissory note was unsecured.  Plaintiff Austin is sole shareholder, director, and officer of Sundance.

In November 2000, Plaintiff Austin filed for bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma, but did not schedule any claims against Defendants McNamara or LM&M (collectively "Defendants"), and listed the value of Austin's ownership interest in Sundance as $1,000.00.

Plaintiffs Austin and Sundance filed suit on July 5, 2005, alleging claims for breach of contract, fraud, fraudulent inducement, fraudulent transfer, and quantum meruit, all of which arise from Defendants alleged failure to repay the debt identified in the Promissory Note.  Defendants McNamara and LM&M now move for summary judgment on multiple grounds, including that Austin's prior bankruptcy bars Plaintiffs from pursuing their claims against the Defendants.  The Court limits its consideration of Defendants' motion to the issues raised by Austin's prior bankruptcy.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The moving party must show initially that there is no genuine issue of any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 256 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the moving party. *Anderson*, 477 U.S. at 248; *Merritt-Campbell, Inc.*, 164 F.3d at 961. The moving party may also meet its summary judgment burden by pointing to the absence of evidence supporting any non-movant party's claim. *Celotex Corp.*, 477 U.S. at 325.

Once the moving party has satisfied its burden, the party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials in its pleading, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The non-movant must also articulate the precise manner in which evidence he sets forth supports his claims. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.

1994).  If the non-movant fails to set forth specific facts to support an essential element in that party's claim on which that party will bear the burden of proof, then summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 322–23.

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merrit-Campbel, Inc*., 164 F.3d at 961.  The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports its claim.  *Ragas*, 136 F.3d at 458.  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  Irrelevant or unnecessary factual disputes should not be considered.  *Id*.

## DISCUSSION

The moving Defendants argue that Austin's statements in a prior bankruptcy proceeding operate to bar Plaintiffs from bringing any of their claims against Defendants. The Defendants' position rests on three arguments: that Plaintiffs do not own their causes of action; that Plaintiffs are barred by the doctrine of judicial estoppel from asserting positions contrary to those asserted in the bankruptcy court; and that Plaintiffs' claims are also barred by res judicata.

In response, Plaintiffs concede that Austin individually does not have standing to pursue the causes of action asserted against McNamara and LM&M because Austin was not a party to the Promissory Note between Sundance and Defendants.  Accordingly, the Court finds that no genuine issue of material fact exists as to whether Austin may pursue his claims against Defendants, and the Court finds that Defendants' motion for summary judgment should be granted as to Austin and his individual causes of action.

The Court must now consider whether any of Defendants' theories also bar Sundance's claims.

## A.     Judicial Estoppel

"Judicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'"  *Hall v. GE Plastic Pacific PTE Ltd.*,  327 F.3d 391, 396 (5th Cir. 2003) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)).  The purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process.  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The doctrine also exists to prevent litigants from "playing fast and loose" with the courts.[1]  *Ergo Science, Inc.*, 73 F.3d at 598.

---

[1] This purpose of the doctrine of judicial estoppel is further underscored by the following language, which was quoted by the Supreme Court in *New Hampshire v. Maine*:  "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."  *New Hampshire*, 532 U.S. at 749 (quoting *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S. Ct. 555, 39 L. Ed. 578 (1895)).

Two elements must be established before a party is estopped under this doctrine: first, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position. *Hall*, 327 F.3d at 396.  (citing *Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 833 (5th Cir. 2000)).   Judicial estoppel may be avoided in the context of bankruptcy cases, however, where a debtor's non-disclosure of a claim is inadvertent.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999).   Some factors that "typically inform" a court's decision as to the applicability of the doctrine include: whether a party's position is "clearly inconsistent" with its earlier position; whether the party succeeded in persuading a court to accept the earlier position; or whether the party seeking to assert an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *New Hampshire*, 732 U.S. at 750–51 (citations omitted); *see Hall*, 327 F.3d at 399.  "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."  *Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598, 600 (5th Cir. 2005).

Under these rules, it is clear that Austin is estopped from bringing causes of action in this proceeding that he failed to declare in bankruptcy.  It is unclear, however, whether Austin's failure to state that Sundance was in possession of a $3 million note and related causes of action likewise precludes Sundance from taking an inconsistent position in this proceeding.

The Fifth Circuit has noted that the doctrine of judicial estoppel is designed to protect the judicial system rather than the litigants. *Coastal Plains*, 179 F.3d at 205. Indeed, other circuits have held that privity, though often present in judicial estoppel cases, is not required. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 360 (3d Cir. 1996) ("privity is not required for the application of judicial estoppel"); *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 214 (1st Cir. 1987) ("harm to an opponent is not an invariable prerequisite to judicial estoppel"); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982) ("judicial estoppel may be applied even if detrimental reliance or privity does not exist"); *Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C. Cir. 1980) (same); *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 737 n.6 (8th Cir. 1987) (judicial estoppel does not require reliance or prejudice, because it seeks to protect the courts); *see also Coastal Plains*, 179 F.3d at 205 n.3 (citing cases that hold privity is not required to establish judicial estoppel).

Austin is sole shareholder and director of Sundance, and has been since Sundance's incorporation in the early 1980s. In this capacity, he was personally involved in the origination of the business deal that gives rise to this suit. (Def.'s Mot., Ex. 1 at 5.) Accordingly, the undisputed evidence establishes that Austin had knowledge of Sundance's cause of action at the time he initiated his bankruptcy proceeding. Moreover, Plaintiffs admit that Austin, as sole director and officer of Sundance, controls Sundance's corporate causes of action. (Pl.'s Resp. at 4.)

The first element of judicial estoppel, an inconsistent position, is satisfied.  At the time he filed for bankruptcy, Austin declared to the bankruptcy court that the value of his ownership interest in Sundance was limited to $1,000.00, less than one-tenth of one percent of the amount owed to Sundance on the Promissory Note.  (Def.'s Mot., Ex. 4-A.)  In this proceeding, however, Austin, as sole owner and director of Sundance, takes the inconsistent position before this court that Sundance owns causes of action based on the Promissory Note that are valued in excess of $3 million.  Austin has offered no evidence to refute these facts.

The second element, acceptance by the bankruptcy court, is also satisfied.  The bankruptcy court accepted Austin's declaration of liabilities and assets when affirming Austin's Chapter 11 bankruptcy plan.  (Def.'s Mot., Ex. 4-E.)

Finally, there is no evidence that Austin's non-disclosure of the value of Sundance was inadvertent.  To show that Austin's failure to inform the bankruptcy court of the true value of Sundance and its causes of action was inadvertent, Plaintiffs must show that, at the time Austin filed his bankruptcy claim, he was unaware of the facts giving rise to the claims. *Jethroe*, 412 F.3d at 601.  Defendants have presented no evidence of inadvertence in this case.  Indeed, the subject facts indicate a motive to conceal the true value of Sundance. *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (citing *Coastal Plains*, 179 F.3d at 210) (failure to disclose is inadvertent only where debtor lacks knowledge of undisclosed claims or has no motive for concealment).

In this case, should Sundance be allowed to persist in its claims against defendants, Austin, as sole shareholder of Sundance, would reap a windfall without fear of attachment by creditors.  The Court therefore finds that, in the interest of protecting the integrity of the judicial process, application of the doctrine of judicial estoppel is appropriate in this case to prevent Austin, acting through Sundance, from unfairly thwarting the purposes of the bankruptcy proceedings and avoiding repayment of creditors.  Accordingly, the Court finds that Sundance is estopped from bringing the subject causes of action against Defendants. Plaintiffs' claims against McNamara and LM&M should be denied.

### B.      Standing and Res Judicata

In light of the Court's ruling that judicial estoppel bars Sundance from bringing its causes of action against Defendants, the Court declines to consider whether Sundance has standing to bring its claims or whether Sundance's claims are barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, the court finds that there is no genuine issue as to any material fact and that judgment in favor of defendants is appropriate as a matter of law. Defendants McNamara and Louisiana Mining & Minerals, Inc.'s motion for summary judgment should be, and hereby is, **GRANTED**.  Plaintiff's causes of action against McNamara and LM&M are hereby **DISMISSED**.

It is **SO ORDERED.**

**SIGNED this 30th day of March, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE